UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAJRAM LAJQI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 18-40212-DHH |
| STEPHEN SPAULDING, et al., | ) ) ) |
| Defendants. | ) ) |

ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS AND
FOR REASSIGNMENT AND REPORT AND RECOMMENDATION

February 6, 2019

Hennessy, M.J.

For the reasons set forth below, plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is GRANTED and, because the parties have not yet consented to proceed before a Magistrate Judge, the Court will order that this action be REASSIGNED to a District Judge for further proceedings, and makes RECOMMENDATIONS to the District Judge to whom the case is assigned, as follows.

I.   BACKGROUND

Bajram Lajqi, a citizen of Kosovo now confined in the Federal Medical Center-Devens in Ayer, Massachusetts, filed this action seeking injunctive relief concerning a detainer that was lodged against him by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). Named as defendants are the warden at FMC Devens and an ICE agent. Lajqi alleges that he was granted political asylum and that the detainer was lodged after his drug trafficking and firearm convictions. Because of his medical condition, he has been designated to

1

serve his sentence at FMC Devens.  Lajqi complains that FMC Devens is not a hearing site pursuant to the Institution Hearing Program, which allows eligible inmates to go through their removal proceedings while still incarcerated.

For relief, Lajqi seeks to have this court order the defendants to arrange an immigration hearing at FMC Devens by videoconference or order his transfer to a facility that can conduct an immigration hearing.  Lajqi seeks to obtain a determination as to his immigration status prior to the completion of his sentence in order to avoid further detention in an ICE facility after the conclusion of his sentence.  Plaintiff alleges exhaustion of his administrative remedies.

With his complaint, Lajqi filed a memorandum of law.  See Docket No. 2.  He also filed a motion to proceed in forma pauperis accompanied by a copy of his prison account statement.  See Docket No. 3.  By Order dated February 1, 2019, plaintiff's motion to appoint counsel was denied.  See Docket No. 6.

II.   DISCUSSION

    A.   The Motion for Leave to Proceed In Forma Pauperis

A party bringing a civil action must either (1) pay the $350.00 filing fee and the $50.00 administrative fee, see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis).  Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of in forma pauperis status. Based on plaintiff's financial disclosures, plaintiff will be permitted to proceed in forma pauperis.  Pursuant to 28 U.S.C. §1915(b)(1), the Court assesses an initial partial filing fee of $65.17.  The remainder of the fee, $284.83, shall be collected in accordance with 28 U.S.C. §1915(b)(2).

When a plaintiff seeks to file a complaint without prepayment of the filing fee,

summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening.  Both § 1915 and § 1915A authorize federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

In connection with the preliminary screening, pro se pleadings are construed generously.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004); see also Strahan v. Coxe, 127 F.3d 155, 158 n. 1 (1st Cir.1997) (noting obligation to construe pro se pleadings liberally) (citing Haines v. Kerner, 404 U.S. at 520).  However, even under a liberal construction, the complaint is subject to dismissal for the reasons discussed below.

      B.      The Complaint is Subject to Dismissal

Here, Lajqi's complaint fails to state a claim upon which relief may be granted.  Lajqi does not have a cause of action directly under BOP Program Statement 5111.04 (Institutional Hearing Program) and the complaint does not state a cognizable claim for violation of his constitutional rights by the federal defendants pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which established a direct cause of action against federal officials for violations of the federal constitution.[1]  The Bureau of

---

[1] Title 8 U.S.C. § 1228(a)(3)(A), which is implemented by the Institution Hearing Program, makes aliens convicted of aggravated felonies statutorily eligible for expedited removal proceedings. The statute states that the Attorney General is not required to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined.  See 8 U.S.C. § 1228(a)(3)(B).

Prisons works in concert with the Immigration and Customs Enforcement ("ICE") and the Executive Office for Immigration Review ("EOIR") to "provide deportation, exclusion, or removal proceedings to sentenced aliens." U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 5111.04: Institution Hearing Program (2017), https://www.bop.gov/policy/progstat/5111_004_cn1.pdf.

Lajqi is not automatically entitled to a hearing under the Institution Hearing Program. Pursuant to Program Statement 5111.04. inmates requiring medical care, such as Lajqi, shall be submitted for designation under normal procedures following completion of medical treatment. In fact, Lajqi was advised that in the event he is medically discharged, he will receive consideration for transfer to an IHP facility. See Docket No. 2, p. 18. As such, the complaint fails to state a claim upon which relief may be granted and this action is subject to dismissal.

III.     ORDER AND RECOMMENDATION

In accordance with the foregoing the, Court orders as follows:

1. Plaintiff's motion for leave to proceed in forma pauperis is GRANTED. Pursuant to 28 U.S.C. §1915(b)(1), the Court assesses an initial partial filing fee of $65.17. The remainder of the fee, $284.83, shall be collected in accordance with 28 U.S.C. §1915(b)(2).

2. Because the complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A for failure to state a claim, this Court will direct that the file be returned to the Clerk's Office for REASSIGNMENT to a District Judge for dismissal for failure to state a claim on which relief may be granted.

3. The Court recommends that the District Judge to whom this case is reassigned that the complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A for failure to state a claim.

IV.     REVIEW BY DISTRICT JUDGE

Lajqi is hereby advised, pursuant to the provisions of Fed. R. Civ. P. 72(b), that if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court within 14 days of his receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72.  Lajqi is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See <u>Phinney v. Wentworth Douglas Hosp.</u>,199 F.3d 1 (1st Cir. 1999); <u>Sunview Condo. Ass'n v. Flexel Int'l</u>, 116 F.3d 962 (1st Cir. 1997); <u>Pagano v. Frank</u>, 983 F.2d 343 (1st Cir. 1993).


 /s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge